UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD KOSSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00007-O |
| | § | |
| US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST AND SN SERVICING CORPORATION, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss (ECF No. 5), filed January 14, 2022. Having considered the motion, related briefing, and applicable law, the Court **GRANTS** the motion to dismiss **with prejudice**.

### I.     BACKGROUND

Plaintiff Ronald Kossey is the owner of real property located in Wise County, Texas. *See* Pl.'s Original Petition 12–13, ECF No. 1. On or about February 4, 2008, Plaintiff entered a Deed of Trust held by Defendant US Bank Trust National Association as Trustee of the Tiki Series III Trust and serviced by Defendant SN Servicing Corporation. *Id.* at 12. Plaintiff fell behind on property payments, and Defendants obtained a default judgement in a state court action for non-judicial foreclosure. *See id.* at ¶ 11; *see also* Defs.' Original Answer 7, ¶¶ 49, 51, ECF No. 6; *In re: Order for Foreclosure Concerning 135 Lake Shore Drive*, No. CV21-07-506 (271st Judicial District, July 20, 2021).

Starting in March 2020, the Supreme Court of Texas began to issue Emergency Orders related to the COVID-19 pandemic. Pl.'s Original Petition ¶ 9, ECF No. 1. These Emergency

Orders concerned Texas state court judicial deadlines and procedures. *Id.* The Emergency Orders were extended multiple times and spanned the period during which Defendants secured the aforementioned default judgment. *See id.* at 3; *see also* Defs.' Original Answer 2, ECF No. 6; *see also In re: Order for Foreclosure*, No. CV21-07-506.

On October 28, 2021, in response to Defendants' default judgement, Plaintiff commenced a state court proceeding to stay the order for expedited foreclosure. *Kossey v. US Bank Trust Nat'l Ass'n*, No. CV21-10-765 (271st Judicial District, Oct. 28, 2021). A few days later, Defendants removed that case to this Court under 28 U.S.C. §§ 1331 and 1332(a), and immediately filed a 12(b)(6) Motion to Dismiss. Defs.' Original Answer 7, at ¶ 53. On November 16, Plaintiff non-suited state court proceeding No. CV21-10-765. *Id.* at ¶ 54. Then, on January 3, 2022, Plaintiff commenced a second state court action with the same petition he had used in state proceeding No. CV21-10-765. *Kossey v. US Bank Trust Nat'l Ass'n*, No. CV22-01-004 (271st Judicial District, Jan. 3, 2022); *see also* Pl.'s Original Petition, ECF No. 1. In the new state court action, Plaintiff claimed that the Emergency COVID-19 Orders required the state court to grant Plaintiff additional time to file a responsive pleading in the non-judicial foreclosure proceeding. Pl.'s Original Petition ¶¶ 9–12, ECF No. 1. Accordingly, Plaintiff contends that Defendants moved and obtained their default judgement in violation of the Emergency Orders, the default judgement is void, and Defendants' right to foreclosure is unenforceable. *See id.* at ¶ 17.

Defendants removed Plaintiff's second state court action (No. CV22-01-004) to this Court under 28 U.S.C. §§ 1331 and 1332(a), and filed another 12(b)(6) Motion to Dismiss. *See Kossey*, No. CV22-01-004; *see* Defs.' Mot. to Dismiss 1, ECF No. 5. Defendants claimed that a plain reading of Emergency Order No. 20-9042 and its enabling statute showed that the order granted Texas courts discretionary authority to extend judicial deadlines, but established no obligation to

do so, and accordingly Plaintiff's argument fails. Mot. to Dismiss ¶¶ 13–14, ECF No. 5. Plaintiff has filed no response to the Motion to Dismiss. The issue is now ripe for this Court's review.

## II.     LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). A court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss.

*Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.    ANALYSIS

Plaintiff flatly contends that Emergency Order No. 20-9042 required the state court to extend the deadline in question. Pl.'s Original Petition ¶¶ 9–12, ECF No. 1. In reviewing a Rule 12(b)(6) motion, a court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. Both parties cite to Emergency Order No. 20-9042 for the controlling rule and neither party points to material changes to that order by any subsequent Emergency Orders. *See* Pl.'s Original Petition at ¶ 9; *see also* Mot. to Dismiss at ¶ 12. Accordingly, the only issue before the Court is whether the language of Emergency Order No. 20-9042 granted the state court discretionary authority to extend procedural deadlines or mandated that it must extend the deadlines. Here, Plaintiff has failed to state a claim because he has not alleged facts supporting a reasonable inference that the state court violated Emergency Order No. 20-9042.

The language of the Emergency Order clearly granted the state court discretionary authority to extend the relevant filing deadline. Although the Emergency Orders are not statutes, rules of statutory interpretation have been used by the Supreme Court to interpret written laws that are analogous in form to statutes, but not statutory in themselves. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (interpreting the Federal Rules of Civil Procedure according to their plain meaning). Accordingly, this Court will interpret the Emergency Order according to principles of statutory interpretation. "Therefore, as in any case of statutory interpretation, we look to the plain language of the statute." *In re Universal Seismic Assocs., Inc.*, 288 F.3d 205, 207 (5th Cir. 2002) (cleaned up).

The rules of interpretation that this Court must apply are clear: when the "language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (citation omitted). "The task of statutory interpretation begins and, if possible, ends with the language of the statute." *United States v. Lauderdale Cty.*, 914 F.3d 960, 964 (5th Cir. 2019) (internal quotation marks and citation omitted); *see also Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992) (instructing that the judicial inquiry ends when a statute's language speaks with clarity). Here, the language of the Emergency Order is clear, so this Court's inquiry into the Order's meaning begins and ends with the plain language of the Order.

The Texas Government Code allows "the supreme court [to] modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor." Tex. Gov't Code § 22.0035(b) (2021). Under this authority, the Supreme Court of Texas issued Emergency Order No. 20-9042 in response to the COVID-19 pandemic. Plaintiff contends that the language of this Order barred Defendants from securing their default judgement in a prior foreclosure procedure. The language of the Emergency Order reads as follows:

> 2.   Subject only to constitutional limitations, all courts in Texas **may** in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> a.   **Modify or suspend any and all deadlines and procedures**, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted

First Emergency Order Regarding COVID-19, No. 20-9042 (Tex. 2020) (emphasis added).

Looking to the language of the Emergency Order above, this Court finds that it clearly granted Texas District Courts discretionary authority to modify or suspend judicial deadlines and procedures. A cardinal rule of statutory interpretation is that statutory language gains context from,

5

and must be read in the context of, the phrases around it. *Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445, 466 (5th Cir. 2015) (finding use of the word 'shall,' based on the context of the phrase it was a part of, left no room for discretion regarding the assessment of a statutory penalty). Here, the Emergency Order plainly reads "all courts in Texas **may**. . . [m]odify or suspend any and all deadlines and procedures." Emergency Order No. 20-9042 (emphasis added). The Supreme Court has found that use of the word 'may' implies discretion. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016); *see also Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020) (where the court found that 'may' implied discretion, while 'shall' connoted a requirement). Accordingly, on a plain reading of the Order, the state court could have extended the judicial deadline in question but was under no obligation to do so.

Further consideration of the Order's language bolsters the position that the Order is discretionary. The interpretation of 'may' as a discretionary verb is "especially applicable" when the same provision uses a separate mandatory verb. *Kentucky v. United States*, 424 F.3d 1222, 1227 (Fed. Cir. 2005) (quoting *Anderson v. Yungkau*, 329 U.S. 482, (1947)). That is because of the basic principle that laws should be construed so that no clause, sentence, or word is rendered "superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citation omitted). Here, the more complete quotation of the Order reads, "all courts in Texas **may** in any case, civil or criminal—and **must** to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent: modify or suspend any and all deadlines and procedures." Emergency Order No. 20-9042 (Tex. 2020) (emphasis added). If this Court found the use of both 'may' and 'must' to connote a mandate, that would render the Order's initial use of the word 'may' superfluous. In effect, it would equate to an Order that read "all courts in Texas **[are required to]** in any case, civil or criminal—and **[are required to]** to avoid risk to court staff . . . ." Instead, a

6

plain reading of the relevant section of the Order makes clear that "the emergency order gave the trial court broad discretion to modify or suspend any deadlines and procedures prescribed by statute." *Kim v. Ramos*, 632 S.W.3d 258, 270 (Tex. App.—Houston 2021).

Additionally, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. Here, the Court, having considered all well-pleaded facts in the complaint as true and in the light most favorable to the plaintiff, **GRANTS** the motion to dismiss **with prejudice**. *See Sonnier*, 509 F.3d at 675. Given that the state court had discretionary authority over the deadline extension, opted to not extend, and Plaintiff's failure to file a timely appeal, there is no set of facts under which Plaintiff could be entitled relief. Pl.'s Original Petition ¶¶ 9–12, ECF No. 1; Mot. to Dismiss ¶¶ 13–14, ECF No. 5.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 5). Accordingly, the Court **ORDERS** that the complaint is dismissed **with prejudice**.

**SO ORDERED** this **28th day** of **March, 2022**.

*[signature: Reed O'Connor]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**